have sustained any injury by the concealment, equity will relieve against that injury, and place them in the situation in which they stood before the payment was made. If, with full knowledge of the circumstance, the money might still have been legally applied in discharge of the bond, then, the fact that it was not communicated cannot change the law.

It has been very properly argued. that the act of congress gives to the debt due to the United State priority over debts due to individuals, but not to one part of the debt due to the United States over any other part of it; nor does it vest the property absolutely in the United States, though it gives them a right to pursue it for the purpose of appropriating it in payment. It would seem to follow, that the right to apply payments while the money is in the hands of the debtors, is not affected by the act of congress, but remains as it would stand, independent of that act. If, then, the sureties had declared to the treasury department that the money was received from Mr. Cochran, to be paid in discharge of their bond, and had tendered it in payment thereof, we think the tender would have been valid. and might have been pleaded to a suit on the bond.

We are of opinion. therefore, that this suit must be dismissed as against the sureties.

## Case No. 14,822.

### UNITED STATES v. COCKRIN.

[Cited in Case of Pea Patch Island. Case No. 10.872. Nowhere reported; no opinion delivered.]

## Case No. 14,823.

### UNITED STATES v. COFFIN.

[Bee, 140.] 1

District Court, D. South Carolina. May 10, 1799.

#### DEED—SEAL—WHAT SUFFICIENT.

A mark with ink. acknowledged by the maker of a deed to be his seal is sufficient to create a specialty, though no wax. wafer. or other similar substance be used.

This was an action of debt on a customhouse bond. An exception was taken to the validity of the seal which was in the following form (L. S.)

No wax or wafer had been used; but the bond had been duly delivered, and that mark acknowledged by the obligor to be his seal.

It was contended for the defendant [Ebenezer Coffin] that as the ground of action was an obligation declared to be under the hand and seal of the party, and as the profert did not support this. debt would not lie, and the plaintiff ought to be nonsuited. That the action of debt must be founded on a special-

ty, to create which a seal was necessary. That the court would take as the seal of the party any substance on which an impression might be made; but that none such existed here. That if the reason of the law requiring a seal had ceased, the mode, perhaps, ought also to be done away; but that the power of dispensing with it rested with the legislature, and not with the judges. who must take the law as they find it. 2 Comyn, 635, 637; Esp. 96; Co. Litt. 35–37; Dyer, 13.

ELLSWORTH. Circuit Justice, delivered the opinion of the court that the seal in this form, having been acknowledged by the party to be his, was sufficient.

Objection overruled.

## Case No. 14,824.

### UNITED STATES v. COFFIN.

[1 Sumn. 394.] 1

Circuit Court. D. Massachusetts. May Term, 1833.

SEAMEN—INDICTMENT FOR MALICIOUSLY FORCING ON SHORE—JUSTIFIABLE CAUSE.

Indictment for maliciously and without justifiable cause forcing a seaman on shore. in a foreign port. against he crimes act of 1825. c. 276, § 10 [3 Story's Laws, 1999; 4 Stat. 115]. "Maliciously," in the statute means wilfully, against a knowledge of duty. "Justifiable cause" does not mean such a cause, as in the mere maritime law might authorize a discharge; but such a cause, as the known policy of the American laws on this subject contemplates, as a case of moral. necessity, for the safety of the ship and crew, or the due performance of the voyage.
[Cited in U. S. v. Taylor. Case No. 16,442; Wiggin v. Coffin, Id. 17,624; Re Ah Tie. 13 Fed. 293.]

Indictment [against Thaddeus Coffin] for maliciously. and without justifiable cause, forcing a seaman of the ship Fabius on shore in a foreign port, to wit. at the Sandwich Islands, contrary to the crimes act of 1825, c. 276, § 10 [3 Story's Laws, 1999; 4 Stat. 115]. Plea, general issue. not guilty.

Mr. Dunlap, U. S. Dist. Atty.
Mr. Bartlett, for defendant.

STORY. Circuit Justice, in summing up to the jury. said: In this case, it is admitted, that the ship Fabius is an American ship, and Frederick Daniels was one of her crew, and the steward of the ship on a whaling voyage to the Pacific. It is also admitted, and indeed is proved beyond all controversy, that he (Daniels) was forced ashore by the direct orders and instrumentality of the master, at the port of Mahee, in one of the Sandwich Islands, against his will, and landed on the beach there with his chest, without any means of subsistence. for the purpose of finally separating him from the ship for the voyage. He (Daniels) is by birth a Dane, and (it is said) has been naturalized; but